1
2
3
4
5
6          IN THE UNITED STATES DISTRICT COURT

7          FOR THE NORTHERN DISTRICT OF CALIFORNIA

8
9
10    DAN HARTMANN,                                    No. C 09-03227 WHA

11              Plaintiff,

12       v.                                            **ORDER REGARDING
                                                       MOTIONS FOR SANCTIONS**
13    CHRISTIAN HANSON, ELEVEN
      UNKNOWN DEPUTY UNITED
14    STATES MARSHALS, RIVERSIDE
      COUNTY, ROD PACHECO, DAVID
15    BRIAN GREENBERG, HAWLEE
      KANE LARSON, ARMANDO MUNOZ,
16    CARREN ROBINSON, and DOES
      1 through 10, inclusive,
17
                Defendants.
18                                                  /
19
20         As noted at the case management conference held on February 4, 2010, plaintiff did *not*

21    pay the sanctioned amount of $2494.57 by the February 3 deadline set by the undersigned (Dkt.

22    Nos. 24, 34).  Despite this default, the Court will allow plaintiff to complete payment of this

23    amount by March 31, 2010.  Plaintiff is reminded that he agreed to pay this amount to private

24    counsel for the non-federal defendants both in his filings with the Court and at the February 4

25    conference (Dkt Nos. 28, 29).  This amount is intended to compensate private defense counsel for

26    their travels to a December case management conference that plaintiff's counsel failed to attend.

27         Additionally, plaintiff has until **NOON ON FEBRUARY 19, 2010**, to file an opposition to

28    private defense counsel's second request for sanctions relating to a hearing that plaintiff's counsel

also failed to attend (Dkt. No. 36). If any sanctions are awarded for this second request, they too must be paid in full by March 31, 2010. By **NOON ON MARCH 31, 2010,** plaintiff must file a sworn declaration that any and all monetary sanctions ordered by the undersigned have been paid in full to defense counsel.

If plaintiff files timely proof of payment by the March 31 deadline, the case against the remaining non-federal defendants (as a separate order explains, federal defendant Christian Hanson is no longer part of this case) will go forward and the accompanying case management order will govern. If, however, plaintiff does *not* file a timely declaration that payment has been completed, the case will, in all likelihood, be dismissed under Rule 41(b) for failure to prosecute and failure to comply with court orders.

**IT IS SO ORDERED.**

Dated: February 5, 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE