IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DAN HARTMANN,

    Plaintiff,

  v.

CHRISTIAN HANSON, ELEVEN
UNKNOWN DEPUTY UNITED
STATES MARSHALS, RIVERSIDE
COUNTY, ROD PACHECO, DAVID
BRIAN GREENBERG, HAWLEE
KANE LARSON, ARMANDO MUNOZ,
CARREN ROBINSON, and DOES
1 through 10, inclusive,

    Defendants.
                                    /

No. C 09-03227 WHA

**ORDER FINALIZING
JANUARY 22 ORDER AND
DISMISSING DEFENDANT
HANSON FROM CASE**

On January 22, 2010, the undersigned issued an order granting defendant Christian Hanson's motion to dismiss, or in the alternative, motion for summary judgment (Dkt. No. 34). This order, however, was deemed provisional to allow plaintiff (or his attorney, David Wright) one last opportunity to explain to the Court (1) why no opposition to defendant Hanson's motion was filed, (2) why neither plaintiff nor his counsel appeared at a court-ordered hearing to explain this non-opposition on January 21, 2010, and (3) why the January 22 order should not be treated as a final adjudication of the motion. For the reasons explained below, the January 22 order will no longer be deemed provisional, and will constitute a final adjudication of defendant Hanson's motion. As such, defendant Hanson is now dismissed from this action.

The procedural history reflects the following events. Plaintiff filed this action on July 15, 2009 (Dkt. No. 1). After a series of continuances, a duly noticed case management conference

1 was scheduled on December 10, 2009. Neither plaintiff nor his counsel appeared for this
2 conference (Dkt. Nos. 23, 27). An order to show cause issued that day and a hearing on the order
3 was scheduled for January 7, 2010 (Dkt. No. 23). In the order to show cause, plaintiff was
4 expressly warned that his case was at risk of being dismissed for failure to prosecute. Meanwhile,
5 defendant Hartman filed a motion to dismiss and for summary judgment on November 24, 2009
6 (Dkt. No. 20). On December 17, 2009, plaintiff failed to file a timely opposition to defendant
7 Hartman's duly noticed motion. As such, a *second* order to show cause was issued against
8 plaintiff (and his counsel) on December 18, 2009, warning plaintiff that failure to show cause and
9 explain why his opposition brief was not filed would result in defendant Hanson's motion as
10 being treated as unopposed (Dkt. No. 26). The undersigned set a deadline of December 24, 2009,
11 for defendant to file a declaration in response to this second order to show cause. No timely
12 response was filed.

13 On January 4, 2010, plaintiff's counsel filed a response to *both* orders to show cause,
14 admitting that it was solely his "mistake, inadvertence and negligence" that caused his absence at
15 the December case management conference and his failure to file a timely opposition brief (Dkt.
16 Nos. 28, 29). In these responses, plaintiff's counsel also agreed to reimburse private defense
17 counsel for their expenses in traveling to the December case management conference. On the
18 morning of January 7 — the hearing date for the two orders to show cause — Attorney Wright
19 notified the Court that he would not be in attendance due to a claimed medical emergency (Dkt.
20 Nos. 31, 32). The undersigned accepted this medical excuse and filed an order rescheduling the
21 hearing for January 21, 2010 (Dkt. No. 31). On January 21, neither plaintiff nor his attorney
22 appeared (Dkt. No. 35). The undersigned and defense counsel waited patiently *for two hours* for
23 Attorney Wright to show up. He never did.

24 Because of this failure, defendant Hanson's motion — which at this time had been
25 pending for nearly two months — was treated as unopposed and granted on the merits for all but
26 one claim (Dkt. No. 34). The remaining claim was then treated by the Court as abandoned by
27 plaintiff and dismissed under FRCP 41, due to the ample opportunities given to plaintiff to seek
28 leave to file an untimely opposition brief, the delay caused by plaintiff's conduct to a prompt

2

1  resolution of claims against defendant Hanson, and the prejudice to defendant Hanson that would
2  result if the claim were allowed to proceed. In an abundance of caution, however, the order was
3  deemed provisional to allow plaintiff one final opportunity to file a *sworn declaration* by
4  February 3, 2010, explaining why the order should not become final (Dkt. No. 34). A case
5  management conference was also noticed for February 4 to set a trial schedule for the remaining
6  defendants.

7  On February 3, Attorney Wright filed an unsworn brief, alleging that he "did not receive
8  notice" of the January 21 hearing due to a "financial crisis" that prevented him from "pay[ing] for
9  an Internet connection for about two weeks" (Dkt. No. 37). Even if these reasons were provided
10 under oath, it is Attorney Wright's *duty* as counsel of record and an officer of the court to remain
11 informed of and responsive to any and all filings on the docket. Not having an Internet
12 connection while actively prosecuting a case designated for electronic filing is a clear violation of
13 this duty. Attorney Wright's excuses are therefore unpersuasive.

14 Both plaintiff and his counsel appeared at the February 4 case management conference.
15 At the conference, plaintiff's counsel admitted that he had no good explanation for why he had
16 not appeared at the December case management conference, or why he did not file an opposition
17 to defendant Hanson's motion. Counsel also did not provide any reason whatsoever why the
18 order on defendant Hanson's motion should not be deemed final.

19 Plaintiff's delays in prosecuting his case against defendant Hanson fly in the face of the
20 public's interest in orderly litigation. Similarly, plaintiff's repeated failures to appear at court-
21 ordered hearings have hindered the undersigned's ability to move this case forward. Defendant
22 Hanson would face substantial prejudice if plaintiff was allowed to maintain this action against
23 him, given the failures discussed above. Finally, plaintiff received ample warnings that dismissal
24 of his claims was a likely consequence of defying court orders, and was provided numerous
25 opportunities to explain his conduct. On top of all this, plaintiff's attorney admitted that his
26 conduct was entirely his fault (Dkt. Nos. 28, 29).

For these reasons, the January 22 order granting defendant Hanson's motion will no longer be deemed provisional, and will constitute a final adjudication of defendant Hanson's motion. As such, defendant Hanson's motion — for the reasons set forth in the January 22 order — shall be deemed **GRANTED**.

**IT IS SO ORDERED.**

Dated: February 4, 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE