IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAN HARTMANN,<br><br>    Plaintiff,<br><br>  v.<br><br>CHRISTIAN HANSON, ELEVEN UNKNOWN DEPUTY UNITED STATES MARSHALS, RIVERSIDE COUNTRY, ROB PACHECO, DAVID BRIAN GREENBERG, HAWLEE KANE LARSON, ARMANDO MUNOZ, CARREN ROBINSON, and DOES 1 through 10, inclusive,<br><br>    Defendants.<br>                                          / | No. C 09-03227 WHA<br><br>**ORDER AWARDING SANCTIONS** |

       Plaintiff was granted until noon on Friday, February 19, 2010, to file an opposition to private defense counsel's *second* motion for monetary sanctions related to plaintiff's failure to appear at a duly noticed hearing on January 21, 2010 (Dkt. No. 41). Sanctions in the amount of $2494.57 have already been awarded to private defense counsel due to plaintiff's failure to appear at a duly noticed case management conference in December 2009. Plaintiff did not file an opposition to this second motion. As such, the Court will treat the motion as unopposed and award monetary sanctions in the amount of $3,253.17, which represents the reasonable costs and attorney's fees associated with private defense counsel's appearance at the January hearing (Dkt. No. 36). As before, and as admitted at the hearing on February 4, 2010, plaintiff has no excuse

for failing to inform opposing counsel of his absence at the January hearing, which would have saved all defendants from incurring these expenses.

As stated in the order filed on February 5, 2010, all awarded sanctions — now totaling $5,747.74 — must be paid in full by March 31, 2010 (Dkt. No. 41). By **NOON ON MARCH 31, 2010,** plaintiff must file a sworn declaration that any and all monetary sanctions ordered by the undersigned have been paid in full to private defense counsel.

If plaintiff files timely proof of payment by the March 31 deadline, the case against the remaining non-federal defendants (as a separate order explains, federal defendant Christian Hanson is no longer part of this case) will go forward. If, however, plaintiff does not file a timely declaration that payment has been completed, the case will, in all likelihood, be dismissed under Rule 41(b) for failure to prosecute and failure to comply with court orders.

**IT IS SO ORDERED.**

Dated: February 23, 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2