United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAN HARTMANN,<br><br>    Plaintiff,<br><br>  v.<br><br>CHRISTIAN HANSON, ELEVEN UNKNOWN DEPUTY UNITED STATES MARSHALS, RIVERSIDE COUNTRY, ROB PACHECO, DAVID BRIAN GREENBERG, HAWLEE KANE LARSON, ARMANDO MUNOZ, CARREN ROBINSON, and DOES 1 through 10, inclusive,<br><br>    Defendants.<br>                                              / | No. C 09-03227 WHA<br><br>**ORDER DISMISSING CASE** |

**INTRODUCTION**

In this long-delayed civil action plagued with inactivity and broken promises, Attorney David Wright, counsel for plaintiff Dan Hartmann, was ordered to file, by noon on March 31, 2010, a sworn declaration that any and all monetary sanctions ordered by the Court had been paid to private defense counsel for the remaining non-federal defendants. Attorney Wright *promised*, in both sworn declarations and at a hearing on February 4, 2010, to pay at least a portion of these sanctions, which were ordered to reasonably compensate defense counsel for travel costs incurred due to plaintiff's failure to appear at two court-ordered hearings. No payments were made, and no declaration was filed. For this and other reasons explained below, pursuant to FRCP 41(b), this action is hereby **DISMISSED**.

**STATEMENT**

A recap of the procedural history provides strong support for the dismissal of this action. On July 15, 2009, plaintiff filed this action in federal court (Dkt. No. 1). After a series of continuances, a duly noticed case management conference was scheduled for December 10, 2009. While defense counsel appeared, neither plaintiff nor his counsel, Attorney Wright, showed up (Dkt. Nos. 23, 27). Attorney Wright failed to communicate with defense counsel *at all* during the week leading up to the conference, and did not provide counsel with notice of his unannounced absence (*ibid.*). An order to show cause issued that day, and a hearing on the order was scheduled for January 7, 2010 (Dkt. No. 23). In the order to show cause, plaintiff was given his first express warning that his case was at risk of being dismissed for failure to prosecute.

Meanwhile, pending at that time was a motion to dismiss (and, alternatively, for summary judgment) filed by defendant Hartman — the one federal defendant in this action — on November 24, 2009 (Dkt. No. 20). On December 17, 2009, plaintiff failed to file a timely opposition to defendant Hartman's duly noticed motion. As such, a *second* order to show cause was issued against plaintiff and his counsel on December 18, 2009. This order warned plaintiff that failure to show cause and explain why his opposition brief was not timely filed would result in defendant Hanson's motion being treated as unopposed (Dkt. No. 26). The undersigned set a deadline of December 24, 2009, for plaintiff to file a declaration in response to this second order to show cause. No timely response was filed.

On January 4, 2010, plaintiff's counsel filed a response to both orders to show cause, admitting that it was solely his "mistake, inadvertence and negligence" that caused his absence at the December case management conference and his failure to file a timely opposition brief to defendant Hanson's motion (Dkt. Nos. 28, 29). Importantly, in these responses, Attorney Wright agreed to reimburse private defense counsel for their expenses in traveling to the December case management conference. On the morning of January 7 — the hearing date for the two orders to show cause — Attorney Wright notified the Court that he would not be in attendance due to a claimed medical emergency (Dkt. Nos. 31, 32). The undersigned, giving counsel the benefit of the doubt, accepted this medical excuse and filed an order rescheduling the hearing for January

2

21, 2010 (Dkt. No. 31). On January 21, neither plaintiff nor his attorney appeared (Dkt. No. 35). The undersigned and defense counsel waited *for two hours* for Attorney Wright or plaintiff to show up. They never did.

Because of these failures to prosecute, defendant Hanson's motion — which at this time had been pending for nearly two months — was treated as unopposed and granted on the merits for all but one claim (Dkt. No. 34). The remaining claim was treated by the Court as abandoned by plaintiff and dismissed under FRCP 41, due to plaintiff's failure to seek leave to file a late opposition brief, the delay caused by plaintiff's conduct to a prompt resolution of claims against defendant Hanson, and the prejudice to defendant Hanson that would result if the claim were allowed to proceed. In an abundance of caution, however, the order was deemed provisional to allow plaintiff one last chance to file a sworn declaration by February 3, 2010, explaining why the order should not become final (Dkt. No. 34). A case management conference was also noticed for February 4, 2010, to set a trial schedule for the remaining non-federal defendants.

On February 3, Attorney Wright filed an unsworn brief, alleging that he "did not receive notice" of the January 21 hearing due to a "financial crisis" that prevented him from "pay[ing] for an Internet connection for about two weeks" (Dkt. No. 37). In an order filed shortly thereafter, the undersigned informed Attorney Wright that it was his duty as counsel of record and an officer of the court to remain informed of and responsive to any and all filings on the docket (Dkt. No. 42). As such, not having an Internet connection while actively prosecuting a case designated for electronic filing was a clear violation of this duty (*ibid.*).

Both plaintiff and Attorney Wright appeared at the duly noticed February 4 case management conference. At the conference, plaintiff's counsel admitted that he had no good explanation for why he had not appeared at the December case management conference, or why he did not file an opposition to defendant Hanson's motion. Counsel also did not provide any reason whatsoever why the provisional order on defendant Hanson's summary judgment motion should not be deemed final. Attorney Wright also reiterated his commitment to repay private defense counsel for travel costs related to the December conference.

Following the hearing, an order was issued finding that (1) plaintiff's delays in prosecuting his case against defendant Hanson flew in the face of the public's interest in orderly litigation, (2) plaintiff's repeated failure to appear at court-ordered hearings and case management conferences hindered the undersigned's ability to move the case forward, (3) defendant would face substantial prejudice if plaintiff was allowed to maintain the action against him, (4) plaintiff demonstrated a pattern of disregarding court orders that was likely to continue, and (5) plaintiff's counsel, Attorney Wright, admitted that the above-detailed conduct was entirely his fault. As such, the provisional order on defendant Hanson's motion was made final (Dkt. Nos. 28, 29, 42).

At around the same time, monetary sanctions were ordered for plaintiff's failure to appear at the December case management conference and January 21 hearing. The sanctions were strictly limited to reasonable travel costs incurred by private defense counsel (for the non-federal defendants) to appear in court on those days. At the February 4 hearing, Attorney Wright asked for and received an extended deadline of noon on March 31, 2010, to pay these sanctions.

This deadline was then reiterated in three separate orders thereafter (Dkt. Nos. 39, 40, 41, 43). Plaintiff was also repeatedly warned that failure to meet this deadline (and comply with court orders) would, in all likelihood, result in the dismissal of the action pursuant to Rule 41(b) (Dkt. Nos. 34, 39, 40, 41, 43). Despite these repeated warnings, plaintiff did not file any declaration by the above-noted deadline, and did not pay the monetary sanctions as ordered (Disenhouse Decl. ¶ 3–4).

This order represents the culmination of all these failures detailed above.

**ANALYSIS**

A court has the inherent authority to *sua sponte* dismiss an action pursuant to FRCP 41(b). *See Link v. Wabash R. Co.*, 370 U.S. 626, 629-632 (1962). Before doing so, however, the court must carefully balance the following five factors to determine whether dismissal is warranted: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002).

4

1    The same analysis and conclusions that applied to defendant Hanson apply with equal
2 force to the remaining non-federal defendants. These defendants have endured a cloud of
3 accusations looming over their heads for over eight and a half months. They have patiently
4 awaited their day in court. Due to plaintiff's inability to appear at duly noticed hearings and
5 comply with court orders, however, this action has remained locked in stone.

6    Despite the failures documented above, plaintiff and Attorney Wright were nevertheless
7 given one last opportunity to continue prosecuting their case against the non-federal defendants,
8 so long as the reasonable court-ordered monetary sanctions were paid by the March 31 deadline.
9 Indeed, as mentioned above, Attorney Wright actually *promised* to pay private defense counsel
10 for travel costs related to the December case management conference. Plaintiff, however, neither
11 kept his word nor complied with the court-ordered deadline. This failure is even more remarkable
12 given that Attorney Wright expressly requested that the deadline be extended from February 31 to
13 March 31 — a request the undersigned granted.

14    While the public policy favoring disposition of cases on their merits will always weigh
15 against dismissing a case, the remaining factors — given the record discussed above — weigh
16 heavily in favor of dismissal. Plaintiff and Attorney Wright were warned repeatedly that
17 dismissal under FRCP 41(b) was a likely consequence of their continued violation of court orders.
18 Additionally, they were expressly offered less drastic alternatives to dismissal — namely,
19 reasonable monetary sanctions — to continue to prosecute their case. Plaintiff and Attorney
20 Wright, however, failed to follow through with this alternative to dismissal, and as a result, the
21 non-federal defendants have been forced to incur unnecessary costs while waiting over eight
22 months to simply get to the Rule 26(f) disclosure stage. Given plaintiff's track record of
23 inactivity and delay, to allow this litigation to continue would be substantially prejudicial to the
24 remaining defendants, and cause further disruption to the Court's docket.

25    As such, pursuant to FRCP 41(b) and the factors set forth in *Pagtalunan*, this order finds
26 that dismissal is warranted. This action is therefore **DISMISSED**.

5

**CONCLUSION**

For the reasons set forth above, this action is hereby **DISMISSED**. Judgment shall be entered accordingly in favor of defendants.

**IT IS SO ORDERED.**

Dated: April 1, 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE